PECK COAL CORPORATION, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 15661.   Promulgated February 5, 1929.

*Bradley A. Dusenbury, C. P. A.*, for the petitioner.
*James A. O'Callaghan, Esq.*, for the respondent.

### OPINION.

TRAMMELL: It is contended by the petitioner that the foregoing
facts indicate that there were abnormalities affecting petitioner's capi-
tal which bring it within the provisions of section 327 (d) of the Rev-
enue Acts of 1918 and 1921.

The petitioner further contends that the accounts payable and notes payable were in effect borrowed money used by the petitioner in its business in the production of its income and that the total amount of borrowed money, including these items, was so large in comparison with its invested capital as to constitute an abnormality when the gross sales and net income are taken into consideration. The record also discloses that the petitioner during 1920 had accounts receivable in the amount of $56,186.47 and for 1921 had accounts receivable in the amount of $53,580.98. The accounts payable and receivable at the end of each of the years indicate that the petitioner both bought and sold to some extent on credit, but the credit purchases in this case, even if we should hold that they constitute the use of borrowed capital, are not shown to constitute an abnormal situation as contemplated by section 327. The mortgage indebtedness is not explained, but, in our opinion, both the money actually borrowed and the purchases made on credit represented by notes payable are not shown to have constituted such an abnormal condition affecting the petitioner's capital as is contemplated in section 327. It may well be that the use of as much money as was borrowed by the petitioner and the use of credit of which the petitioner availed itself during the years involved to the extent involved in this case was the usual, normal and ordinary course of business dealings by corporations engaged in the same or similar enterprises.

*Judgment will be entered for the respondent.*